[Cite as *Calvary SPV I, L.L.C. Assignee of Beneficial Ohio, Inc. v. Gabelman*, 2013-Ohio-4663.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CALVARY SPV I, LLC ASSIGNEE OF BENEFICIAL OHIO, INC. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | |
| CONNIE M. GABELMAN AND MARK J. GABELMAN | : | Case No. 13-CA-15 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Court of Common
                                     Pleas, Case No. 2006CV00397

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    October 21, 2013

APPEARANCES:

For Plaintiff-Appellee               For Defendants-Appellants

AUDRA T. FUNK                        THOMAS L. GABELMAN
140 East Town Street                 3300 Great American Tower
Suite 1250                           301 East Fourth Street
Columbus, OH  43215                  Cincinnati, OH  45202

*Farmer, J.*

{¶1} On March 27, 2006, Beneficial Ohio, Inc., kna Calvary SPV I, LLC, assignee of Beneficial Ohio, Inc., appellee herein, filed a complaint against appellants, Mark and Connie Gabelman, for money due and owing on a $15,000.00 loan agreement. On May 1, 2006, appellee filed a motion for default judgment. By judgment entry filed same date, the trial court granted the motion and entered judgment for appellee in the amount of $21,294.33 plus interest at the rate of 22.98%. Garnishment proceedings commenced in July 2006.

{¶2} On September 28, 2011, appellants filed a motion for accounting and termination of garnishment. On October 20, 2011, appellants filed a Civ.R. 60(B) motion for relief from judgment, claiming the judgment had been satisfied or was no longer equitable. A hearing was held on December 21, 2012. By judgment entry filed March 26, 2012, the trial court granted the motion for accounting which was subsequently filed on August 27, 2012. By judgment entry filed January 22, 2013, the trial court denied appellants' Civ.R. 60(B) motion.

{¶3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED IN DENYING THE GABELMANS' MOTION FOR RELIEF FROM JUDGMENT."

I

{¶5} Appellants claim the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment as it is inequitable to enforce a judgment which will allow

appellee to collect more than $57,000.00 on a $15,000.00 note based upon a 22.98% interest rate. We disagree.

{¶6} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Appellants based their Civ.R. 60(B) motion on the fact that the "judgment has been satisfied***or it is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(4). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶7} In its judgment entry filed January 22, 2013, the trial court found the following:

Upon hearing arguments from Plaintiff's counsel, the court determines that the Defendants' Motion for Relief From Judgment is not well taken. Specifically, Defendants claim they are entitled to relief under Ohio Civ.R. 60(B)(4) because the Judgment should be deemed "satisfied, released or discharged" by this Court. Defendants argue that a balance is not owed on the Judgment and actually claim that they have overpaid because they believe the interest rate awarded in connection with the Judgment was unlawful. However, their argument is faulty because it is based upon an incorrect characterization of the underlying agreement in this case and attendant incorrect application of the statute governing the interest rate awarded. The Court determines that the underlying agreement in this case was a Revolving Loan Agreement governed by R.C. §1321.571 which permits an agreed interest rate up to 25% between the parties. Here, according to the Revolving Loan Agreement the interest rate agreed to by the parties was 22.98% and that was the interest rate awarded in connection with the Judgment. For these reasons, the Defendants' Motion for Relief From Judgment is denied.

{¶8}  It was appellants' position that the contract upon which the judgment was based on was a promissory note; therefore, R.C. 1343.01 controls the interest rate:

The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may

stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually, except as authorized in division (B) of this section.

{¶9}    The instrument upon which the judgment was granted was entitled "Revolving Loan Agreement," and specifically identified that appellants were receiving a "Personal Credit Line."  See, Exhibit A, attached to the Complaint filed March 26, 2006. Nowhere in the agreement is there a specific amount to pay as would be required in a promissory note under R.C. 1303.03:

(A) Except as provided in divisions (C) and (D) of this section, "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:

(1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2) It is payable on demand or at a definite time.

(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:

(a) An undertaking or power to give, maintain, or protect collateral to secure payment;

(b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;

(c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

(B) "Instrument" means a negotiable instrument.

\*\*\*

(E)(1) "Note" means an instrument that is a promise.

{¶10} On May 1, 2006, the trial court granted default judgment to appellee, ordering the following: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that pursuant to Ohio Civil Rule 55, default judgment is hereby rendered against the Defendant (s) in the amount of $21,294.33, and interest at the rate of 22.98% per annum from February 28, 2006 and costs of the within action."  Appellants did not seek relief from judgment until September 28, 2011, some five plus years after judgment.  At all times, the judgment clearly stated the 22.98% interest rate.  The docket illustrates appellants were aware of the default judgment and its interest rate as early as July 10, 2006, when they requested and were granted a hearing on garnishment, on October 12, 2006, via a notice of court proceeding to collect debt and order of continuous disbursement of funds from garnishment, and November 8, 2006, a letter dated November 3, 2006 appearing that the garnishment had been granted.

{¶11} Appellants argue they have satisfied the reasonable time requirement under *GTE Automatic* because they have just now determined that they have more than satisfied the judgment.  See, October 20, 2011 Motion for Relief From Judgment, fn. 3.

{¶12}  We fail to find that appellants can now avail themselves of an excuse for lack of timeliness, when in fact the record demonstrates an awareness of the judgment and interest charged some two months after the granting of the default judgment.  We conclude the necessity for finality of judgments and the awareness by appellants of the interest rate within one year of the judgment mandate that the motion for relief from judgment be denied as untimely.

{¶13}  The sole assignment of error is denied.

{¶14}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney

SGF/sg 926

[Cite as *Calvary SPV I, L.L.C. Assignee of Beneficial Ohio, Inc. v. Gabelman*, 2013-Ohio-4663.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CALVARY SPV I, LLC ASSIGNEE OF BENEFICIAL OHIO, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CONNIE M. GABELMAN AND MARK J. GABELMAN | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 13-CA-15 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellants.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. Patricia A. Delaney